**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Origin Consulting, LLC, *et al.*, | Case No. 2:22-cv-00786-APG-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| Beverly Marquez, | |
| Defendant. | |

    Before the Court is Plaintiffs' motion seeking to redact and seal portions of Exhibit A to their Joint Status Report. ECF No. 58. No opposition has been filed. The Court has reviewed the documents in question and finds that Plaintiffs have met their burden of showing good cause to redact and seal portions of the exhibit. As a result, Plaintiffs' motion is granted.

**I.        Legal Standard**

    Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively accessible to the public. *Id.* Therefore, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* Two standards govern motions to seal: the "compelling reasons" standard and the "good cause" standard. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Kamakana*, 447 F.3d at 1178-79 (alteration and internal quotation and citations omitted). The Ninth Circuit has further held that the full presumption of

public access applies to technically non-dispositive motions and attached documents, if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Considering the "weaker public interest in non-dispositive materials," the court applies the good cause standard when evaluating whether to seal documents attached to non-dispositive motions. *Pintos*, 605 F.3d at 678. "Non-dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Requests to seal documents must also be "narrowly tailored" to remove from the public sphere only material that warrants continued secrecy. *Ervine v. Warden*, 214 F. Supp. 3d 917 (E.D. Cal. 2016). The court must order the filing of redacted versions instead of sealing entire documents when it is possible to redact confidential information and leave meaningful information accessible to the public. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).

**II.    There is good cause to redact and seal portions of Exhibit A to the Joint Status Report.**

Here, Defendants seek to redact and seal portions of a supplemental response to interrogatory in Exhibit A to the Joint Status Report [ECF No. 56]. This is related to a non-dispositive motion, and it is not more than tangentially related to the merits of the case. Accordingly, the good cause standard applies to whether these documents should be redacted and sealed. *See Ctr. for Auto Safety*, 809 F.3d at 1099.

This Court finds that Plaintiffs have met their burden of showing good cause to redact and seal portions of Exhibit A to the Joint Status Report. Plaintiffs seek to redact and seal material that includes financial information, profit margins, and business processes, methods, and programs. Given the sensitive and commercially related nature of this information, there is good cause to redact and seal. *See Aevoe Corp. v. Ae Tech. Co.*, 2013 U.S. Dist. LEXIS 74241, *5,

2013 WL 2302310 (D. Nev. May 24, 2013) (finding good cause to seal financial information and product specifications, which were treated as sensitive business information); *see also Dannenbring v. Wynn Las Vegas, LLC*, No. 2:12-cv-00007-JCM-VCF, 2013 WL 2460401, at *4-6 (D. Nev. June 6, 2013) (ordering that exhibit related to internal investigation into plaintiff was properly filed under seal in light of "the sensitive nature of Defendant's confidential internal investigations"). Protecting this sensitive information outweighs the public interest in accessing this litigation's records or understanding the judicial process in relation to this case. Plaintiffs have also narrowly tailored redactions and have left meaningful information available to the public.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Seal at ECF No. 58 is **GRANTED**. The Clerk of Court is kindly directed to maintain under seal ECF No. 57. Plaintiffs are directed to file a redacted version of Exhibit A within 14 days of this Order.

DATED: July 17, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE